CORA E. JOHNSTON, *by her Next Friend, Calvin R. Johnston*, v. THE ATCHISON, TOPEKA & SANTA FE RAILROAD COMPANY.

### No. 7794.

1. INFANT ON TRACK — *Injury — Contributory Negligence.* An infant two years old, which strays upon a railroad track and is injured by a passing train, cannot be charged with contributory negligence, and although it be a trespasser it is yet the duty of the employees of the company to avoid injury to it if they see it in time to do so.

2. EVIDENCE—*Jury.* The fact that the engineer in charge of a train of cars saw a helpless infant standing on the track ahead of his train

may be inferred if the evidence proves it from circumstances, and in this case it is *held* that there was some evidence to be submitted to the jury.

*Error from Butler District Court.*

ACTION by Cora E. Johnston, by her next friend, Calvin R. Johnston, against The Atchison, Topeka & Santa Fe Railroad Company to recover damages for bodily injuries. All the essential facts are stated in the opinion herein, filed January 11, 1896.

*G. P Aikman,* for plaintiff in error.

*A. A. Hurd, O. J. Wood,* and *W. Littlefield,* for defendant in error.

The opinion of the court was delivered by .

ALLEN, J. : The facts of this case, as presented by the evidence offered on behalf of the plaintiff in error in the trial court, are substantially as follows : The plaintiff, a child two years old, resided with her parents in Butler county, on a farm about three and a half miles northeast from Augusta. The track of the defendant's railroad passed through the lands on which Johnston lived, and within a short distance from the house. There were five children in the family, the oldest being nine years old at that time. Johnston's corral was situated across the track of the railroad, and he and the members of his family were accustomed to go to it by a path leading from the house across the railroad. On the evening of the 27th of October, 1889, which was a bright, clear day, some time between sundown and dark, the older children and an aunt of theirs were over at the corral feeding the stock. The plaintiff wandered away from the house and went upon the track of the railroad at a little distance from the place where the path crossed

it.   She had on a dress of light brown and white
checked gingham. A freight-train, consisting of about
nine cars, partly loaded, came from the northeast, run-
ning at the rate of about 25 miles an hour.   Northeast
from the house in which the Johnstons lived, and at a
distance of about 315 feet from the point where the
plaintiff was injured, there is a railroad crossing.
When the train reached this crossing the whistle was
sounded.   The mother of the child had started from
the house in search of it, and saw it standing on the
track.   She ran to get it, but before she could get to
it, it was struck by the engine and thrown into the
ditch.   Although it was severely bruised, and four of
its teeth knocked out, no bones were broken.   The
father of the plaintiff testified that there was a whis-
tling-post about 1,000 feet northeast from the cross-
ing, but that the first whistle that he heard was when
the train reached the crossing, and again, after it had
passed the crossing, three or four short blasts were
given.   He was in such a position that the house pre-
vented him from seeing the accident, but he saw a
man on the step of the engine before it reached the
child.   No effort appears to have been made to stop
the train.   There is no direct statement of any wit-
ness showing that the engineer or fireman saw the
plaintiff before she was struck, but witnesses testified
that she could have been seen for a distance of 1,600
or 1,700 feet from the track northeast of where she
was.   A demurrer to the plaintiff's evidence was sus-
tained by the court, and judgment entered in favor of
the defendant.

It is not contended in support of the ruling of the
court that the plaintiff was of sufficient age to be
chargeable with negligence contributing to her injury,
but it is claimed that she was a trespasser to whom

the company owed no duty, unless her presence in a position of danger was known to some employee of the company on the train who could have prevented injury to her. Whether the engineer and fireman, in the discharge of their duties, could and ought to have kept such a lookout along the track ahead of the train as would necessarily have discovered the plaintiff in time to stop the train and avoid injury to her, is a question we do not feel warranted in answering, as a matter of law. It does appear in this case that between the approaching train and the child there was a public crossing, where people passing along the public highway had a right to go across the track. In approaching such crossings it is clearly the duty of the engineer to be on the alert, not merely for the purpose of avoiding injury to persons and property crossing the track, but also for the protection of his train and all that is upon it. The child was but a short distance from this crossing. We cannot say that there is absolutely no evidence tending to show that the engineer or fireman, or both of them, did actually see the plaintiff in her position of danger in time to have stopped the train, or, at least, to have slackened its speed to such a degree that the mother running toward it might not have rescued it from danger. It was the duty of the engineer to be looking toward the crossing, and in the direction of the plaintiff. Did he look, and did he see her? These questions we think were for the jury, and that it was not imperatively required of the plaintiff to prove by the direct statement of a witness that the engineer or the fireman actually saw her. There were circumstances, possibly quite slight and unconvincing, tending to show that he did actually see her. If so, it is quite clear that it was his duty to avoid injuring her.

Savings Bank v. Butler.

It is argued that the parents of the plaintiff were negligent, and that, while the plaintiff herself was too young to be guilty of contributory negligence, yet that the negligence of the parents should be imputed to her. We do not think the facts disclosed by the testimony render it necessary now to pass on the question of imputed negligence. The child had escaped from the house but a very few minutes before it was injured, and the mother was already in search of it, and running to get it, before it was injured. The testimony of both father and mother tended to show that they were very careful to keep their children away from the track. Though the proof of negligence was not strong, we think the case ought to have been submitted to the jury.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.